IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| CLEOTHER TIDWELL,<br><br>                Plaintiff,<br><br>v.<br><br>DANIELLE CONNER, WEXFORD HEALTH SOURCES, INC., and JOHN/JANE DOE 1,<br><br>                Defendants. | Case No. 22-cv-1562-NJR |

## MEMORANDUM AND ORDER

**ROSENSTENGEL, Chief Judge:**

Plaintiff Cleother Tidwell, an inmate of the Illinois Department of Corrections ("IDOC") who is currently incarcerated at Menard Correctional Center, originally filed this action in state court, alleging willful and wanton conduct against Wexford Health Sources, Inc., mental healthcare staff member "Conner," and a John Doe (Doc. 9-2). On July 19, 2022, Defendant Danielle Conner filed a notice of removal (Doc. 1). Conner argued that while Tidwell's original Complaint contained only claims under Illinois law, Tidwell filed an Amended Complaint adding a First Amendment retaliation claim (*See* Doc. 1, pp. 2-3; Doc. 1-4). Conner seeks removal of the state case because there is now federal question jurisdiction. See 28 U.S.C. § 1441(a) and 28 U.S.C. § 1331.

On July 20, 2022, the Court entered an Order for clarification regarding Conner's notice of removal (Doc. 8). The Court noted the state docket indicated that Tidwell's motion to amend had not yet been ruled on and that the operative Complaint appeared

to be the original Complaint, which contained only state law claims. The Court directed Conner to clarify whether or not the proposed Amended Complaint was the operative complaint in the state court case.

On July 27, 2022, Conner filed a Notice in response to the Court's Order (Doc. 9). Counsel for Conner acknowledged that he misread the state court order and that the Amended Complaint has not yet been accepted by the state court (*Id.* at pp. 1-2). Instead, Conner was granted leave to respond to the motion to amend. Conner acknowledged that the original Complaint remains the operative Complaint (*Id.* at p. 3). Tidwell also filed a response to the removal (Doc. 10). Tidwell argues that he sought to add a First Amendment claim under the Illinois State Constitution and not the U.S. Constitution.

Removal of civil actions is governed by 28 U.S.C. § 1441 ("removal statute"). Pursuant to the removal statute, "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a). The statute is construed narrowly. *Doe v. Allied-Signal, Inc.*, 985 F.2d 908, 911 (7th Cir. 1993). Doubts concerning removal are resolved in favor of remand. *Id.* The party seeking removal bears the burden of establishing jurisdiction in the federal court. *See Hart v. FedEx Ground Package Sys., Inc.*, 457 F.3d 675, 679 (7th Cir. 2006). If the district court lacks jurisdiction, the action must be remanded to state court pursuant to 28 U.S.C. § 1447(c).

The Court first notes that Tidwell is currently listed as a restricted filer in this District. He is currently restricted from submitting any filing in this District as a sanction

for filing documents that contain irrelevant, inflammatory, and offensive commentary (*See* Case No. 16-cv-0384-SMY, Doc. 43). The Court allowed Tidwell to file a response to the Notice of Removal in order to defend his position that his case properly belongs in state court. But the Court notes that his response contains the same irrelevant, inflammatory, and offensive commentary that got Tidwell sanctioned in this District. He refers to the undersigned as Judge "Ninny" and indicates that the undersigned is the perfect mark and gullible (Doc. 10). He refers to defense counsel with expletives and uses entirely offensive commentary to describe counsel's actions in filing the notice of removal (*See* Doc. 10, p. 2). This behavior is unwarranted and Tidwell has been warned on numerous occasions that the Court will not tolerate his offensive filings. Despite this warning, Tidwell seems not to have learned his lesson. His response is full of irrelevant, inflammatory, and offensive commentary. The Court will not tolerate this behavior. Thus, the Court **STRIKES** Tidwell's response.

Turning to the issue of removal, the Court finds that Tidwell's case was improperly removed to this Court. Although the Court would have jurisdiction over any claims arising under the Constitution, the federal question "must appear in the well-pleaded [C]omplaint." *Panther Brands, LLC v. Indy Racing League, LLC*, 827 F.3d 586, 589 (7th Cir. 2016); *see also* 28 U.S.C. § 1331. This rule is designed to make the plaintiff the "master of the claim," that is, he or she can avoid federal jurisdiction by solely relying upon state law. *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987). Any uncertainty as to federal jurisdiction must be resolved in favor of remand. *Doe*, 985 F.2d at 911.

Although Tidwell's motion to amend indicates that he wishes to add a First

Amendment claim, that motion is not the operative Complaint.[1] Conner acknowledges that the motion was never ruled on, and Conner was directed to respond to the motion to amend, not an amended complaint. Conner acknowledges in her Notice that the operative complaint in the state court case is the original Complaint (Doc. 9). The original Complaint contains no constitutional claims and only raises a single count of willful and wanton conduct (Doc. 9-2, p. 5). Conner also acknowledges that a claim under the United States Constitution was not raised in the original Complaint (Doc. 1, p. 2). Thus, the Complaint was improperly removed to federal court because it does not invoke a violation of constitutional law.

Accordingly, the Court lacks jurisdiction and this matter is **REMANDED** to the Circuit Court, Twentieth Judicial Circuit, Randolph County, Illinois. The Clerk of Court is **DIRECTED** to mail a certified copy of this Order of Remand to the Randolph County Clerk of Court and close this case. *See* 28 U.S.C. § 1447(c).

**IT IS SO ORDERED.**

DATED:   August 2, 2022

_____
**NANCY J. ROSENSTENGEL**
**Chief U.S. District Judge**

---

[1] Tidwell argued in his response that he intended to file an Amended Complaint alleging a violation of his First Amendment rights under the Illinois State Constitution, but the Court finds this argument frivolous. The motion does not refer to the Illinois State Constitution and First Amendment-type protections are found in Article I, Sections 3, 4, 5 of the Illinois State Constitution, not the First Amendment of the Illinois State Constitution.